# CHARLESTON.

C. C. GEORGE v. NORFOLK AND WESTERN RY. Co. *et al.*

Submitted May 2, 1916.    Decided May 9, 1916.

1. FALSE IMPRISONMENT—*Actions—Evidence—Admissibility.*

   In an action for false arrest and imprisonment, facts and circumstances attending the arrest and prosecution and bearing materially upon the character and extent of the plaintiff's injury and the motive, purpose and mental state of the defendant, not admissible for the purpose of proving justification of the acts complained of, are admissible for the purpose of mitigating the damages.   (p. 348).

2. ARREST—*Criminal Charges—Authority.*

   An offense committed in one state does not justify arrest of the perpetrator thereof in another, otherwise than upon a warrant for his arrest as a fugitive from justice.   (p. 346).

3. FALSE IMPRISONMENT—*Actions—Evidence—Admissibility.*

   A judgment of conviction in a court of a state other than that in which the offense was committed is void for want of jurisdiction, and cannot be relied upon in an action for false arrest, as proof or evidence of probable cause for the criminal proceeding; but it is admissible as evidence upon the issue as to the amount of damages recoverable.   (p. 346).

4. SAME—*Defenses—Probable Cause—Malice.*

   False arrest or false imprisonment gives an absolute right to recover at least nominal damages, and neither probable cause to believe the injured party guilty of an offense nor lack of malice on the part of the defendant will legally justify the wrongful act or defeat the right of action.   (p. 347).

5. SAME—*Wrongful Arrest of Passenger.*

   Railway agents, even though at the same time holding positions as public conservators of the peace, are under duty to abstain from making unlawful arrests of passengers.   (p. 349).

Error to Circuit Court, Mercer County.

Action by C. C. George against the Norfolk & Western Railway Company and another.   Judgment for plaintiff, and defandants bring error.

*Reversed, and new trial allowed.*

78 W. Va.

*A. W. Reynolds* and *John M. McGrath,* for plaintiffs in error.

*Thomas H. Scott* and *Sanders & Crockett,* for defendant in error.

POFFENBARGER, JUDGE:

This is a writ of error to a judgment against the defendant railway company and one of its agents, for $1,000.00, as damages occasioned by alleged false arrest and imprisonment of the plaintiff and denial and prevention of his right of carriage and protection as a passenger, by the railway company.

The principal assignment of error is based upon the refusal of the court to permit the defendants to prove a plea of guilt of the crime of larceny, by the plaintiff, and his conviction thereof in the police court of the town of Pocahontas, Virginia, at which place he was, in the opinion of the jury, seized and detained for a few minutes, by the railway station agent, without a warrant, on an accusation of theft orally made by one Jaffee, and then taken to the police court on a warrant by an officer of the town, or so taken without a warrant, and there formally charged with an offense, and where a judgment was rendered against him and a fine of $10.00 imposed, on an alleged plea of guilty.

Assuming the right of the defendants to prove the fact they desire to bring to the attention of the court and jury, if the court accepting the plea and rendering the judgment had had jurisdiction of the offense, as matter of justification of the arrest, without affirming it by way of decision, we are of the opinion that the police court of Pocahontas County did not have such jurisdiction. The offense, if any, was committed in this state and not in Virginia. Sometime before the arrest, a liquor dealer in Pocahontas delivered to the plaintiff a package containing several bottles of intoxicating liquor, for carriage to a certain place in Bluefield W. Va. and delivery there. He says he declined to accept it, until he was assured that it was not liquor. The man who delivered it to him says he knew what it was and accepted a pint of whiskey for

the service. Instead of going to Bluefield, he left the train at Graham, Virginia, and walked to his home at Midway, W. Va. At some point, on the route, he says he discovered that the package contained liquor and was then afraid to deliver it, knowing the carrying of it for another was a violation of law. But he did not return it. He took it to his home, or retained it there, and drank it.

Nothing in the circumstances developed indicated anything more than a mere bailment in the state of Virginia. There was no disclosure of any fact tending to prove intent on the part of the plaintiff, at the time the package was received by him, to convert the contents thereof to his own use or misappropriate them. He did not apply for it or seek the employment. The bailor sought him and requested him to carry the package. In no sense, therefore, did he obtain possession of the property against the will of the owner. Hence, the offense, if any, must have been embezzlement, occurring on the actual conversion of the property in this state. Assuming that he knew the contents of the package when he left the train at Graham, instead of going on to Bluefield and making delivery thereof, it does not appear that he then had any intention to misappropriate it. His resolution not to deliver it may have been due to fear of the statutory penalty. He says he drank it at home in this state. That was the actual conversion and the offense, if any, was then and there committed. Wharton Crim. Law, 11th Ed. p. 1513, sec. 1306; Bishop's Crim. Law, vol. 2, secs. 372-3; Code, ch. 145, sec. 19, ser. sec. 5210.

However guilty the plaintiff may have been, therefore, the court in which the alleged judgment of conviction was rendered, had no jurisdiction of the offense, and, if the charge was for larceny or embezzlement of the liquor, the plea of guilty, if entered, amounted to no more than an extra-judicial admission or confession, and the judgment was void.

Nor would the conviction or confession of guilt have been admissible to prove justification of the arrest, if the Virginia court had had jurisdiction. The doctrine of probable cause has no proper place in an action for false arrest. It belongs to the law of malicious prosecution, though on rare occasions

it has been inaccurately applied as it is invoked here. An arrest is either legal or illegal and, if illegal, it is an invasion of personal right, calling for nominal damages, at the least. *Williamson* v. *Coal Co.*, 72 W. Va. 288; *Howell* v. *Wysor*, 74 W. Va., 590; *Parsons* v. *Harper*, 16 Gratt. 64. Neither malice nor probable cause is essential to right of recovery in such a case. Here, the arrest, if any, was made without a warrant and for a misdemeanor, if any offense. Nor was the offense committed in the presence of the officer, unless the arrest was made for disorderly conduct at the station, a question for jury determination on the conflicting evidence.

The plaintiff no doubt has absolute and unqualified right to compensation for his loss of time and money. Beyond these, the amount to which he is entitled depends upon all the circumstances that tend in any way to prove and disprove the additional elements of damages, such as humiliation, mental suffering, injury to pride; and matter of mitigation, such as good faith, sincerity and lack of malice on the part of the wrong doer. *Dunlevy* v. *Wolfe.*, 106 Mo. App., 46; *Renck* v. *McGregor*, 32 N. J. L. 70; *Colby* v. *Jackson*, 12 N. H. 526; *Bradner* v. *Faulkner*, 93 N. Y. 515; *Sawyer* v. *Jarvis*, 35 N. C. 179; *Neal* v. *Hart*, 115 Pa. St. 347; 19 Cyc. 369; 11 R. C. L. p. 823, Title, False Imprisonment, sec. 38.

The court refused to permit the defendants to prove what Jaffee said to Worley as to the charge upon which he demanded detention of the plaintiff and also to permit them to prove plaintiff's admission of the facts upon which the arrest and prosecution were based, and the result of the proceedings. All of these facts should have been admitted in evidence, not as matter of justification, showing authority to arrest or probable cause, but as matter of mitigation of damages. They have an important bearing upon the extent of his humiliation, injury to his pride and self-respect, and mental pain and suffering, if any, and the motive and feeling of Worley, in the wrongful conduct upon which the action is predidated.

That the circumstances under which the act complained of was done, might well have induced the jury to find a smaller verdict, is apparent.

On George's return to Pocahontas, sometime after he had

consumed Jaffee's liquors, the latter, having knowledge of his presence, endeavored to locate him and have him arrested. Before he had obtained a warrant for him, he found him at the station and personally charged him with the misconduct of which he was guilty and a war of words ensued. The attention of Worley, the station agent, was attracted and, on Jaffee's request, he, being a police officer as well as station agent, either laid hands on George and forcibly took him into a room of the station and detained him there, or induced him to go in without compulsion or seizure. A few minutes later, George left in company with Thomson, an officer, and proceeded toward the police court room. On the way, they were met by another officer who took George into formal custody. Some of the witnesses say this officer had a warrant. George denies that any warrant was issued, until they arrived at the court room. He says he there admitted that he had drunk the whiskey, but not that he had stolen it, and was fined $10.00 and costs, which he paid, together with $7.00, the value of the liquors.

Though the plaintiff's disposition of the liquors may not have constituted any offense at all, as is argued in the brief, the defendant had clear right to lay all the facts before the jury to enable them to reach a proper conclusion as to the amount of the damages.

It is hardly necessary to say inadmissibility for some purposes only does not justify exclusion of evidence admissible for other purposes. As to the extent to which it should be considered, the court will give the jury directions, upon application therefor.

As to the issues actually tried by the jury, the evidence was highly conflicting and no error in the instructions is perceived. One given the plaintiff, authorizing an award of punitive damages, is complained of, but it is justified by the decisions of this court. The agent was under a high duty to the plaintiff. Railway Companies are protectors of their passengers as well as carriers, and the plaintiff introduced evidence to the effect that he had purchased a ticket and was about to board one of the railway company's trains at the time of his detention.

For the error noted, the judgment will be reversed, the verdict set aside and a new trial allowed.

*Reversed, and new trial allowed.*