TOWN OF MABSCOTT *v.* N. L. SAUNDERS *et al.*

(CC 487)

Submitted October 11, 1933.   Decided October 17, 1933.

*W. H. McGinnis, Jr.,* for plaintiff.

*Jno. Q. Hutchinson, Ben H. Ashworth* and *David G. Lilly, Jr.,* for defendant Dennis L. Hill.

HATCHER, JUDGE:

This is an action of debt on an official bond. The circuit court sustained a demurrer to the declaration and certified to this Court its sufficiency.

The declaration alleges the regular appointment and qualification of defendant, N. L. Saunders, as Town Sergeant of the Town of Mabscott, and that he executed a bond for $3,500.00 with defendant, Dennis L. Hill, as surety, conditioned as follows:

> "That Whereas, the said N. L. Sanders has been appointed by the Municipal Council of said Town of Mabscott as Town Sergeant of said town, and pursuant to Section 2, Article 7, Chapter 8 of the Code of West Virginia, has been appointed by said Municipal Council to collect and promptly pay into the treasury all taxes, special assessments, fines and other moneys due said municipality, during his term of office as such Town Sergeant, or until the Council shall, by order, designate someone else.

> "Now, THEREFORE, if the said N. L. Sanders shall well and truly perform his duties as said Town Sergeant in collecting and paying over said taxes, special assessments, fines and other moneys due the municipality as aforesaid, and shall well and truly account for all moneys coming into his hands by virtue of his appointment as aforesaid, then this obligation to be void, otherwise it shall remain in full force and virtue."

The declaration further alleges that the bond was approved by the common council of Mabscott, and was the only bond given by Saunders; that he carried a pistol by virtue thereof; and that while acting as Town Sergeant, he negligently and unnlawfully wounded plaintiff, William Brewer, with the pistol, inflicting damage thereby on Brewer to the amount of $3,500.00, etc.

Defendants contend that Code 1931, 8-4-5, requires a bond of a sergeant to insure the discharge of his *general duties;* that Code 1931, 8-7-2, under which the instant bond was given, requires a bond to insure merely the sergeant's discharge of his special duty as municipal collector; that Brewer

was shot while Saunders was in the discharge of his general duties and therefore the instant bond is not liable therefor.

Code 1931, 61-7-5, provides that the statute which forbids carrying a pistol without a state license does not apply to an officer, who shall have given an official bond in the penalty of not less than $3,500.00, but that the officer shall be liable on the bond "for; the damages done by the unlawful or careless use of any such weapon * * * whether such bond is so conditioned or not." This provision makes no distinction between a bond for general duties and one for a special duty. The requirement in that respect is only that the bond be an official one. The bond in question was official, and was the only one executed by Saunders. It was under that bond he was protected in carrying a pistol. Therefore, Code 1931, 61-7-5, makes him liable on the bond for damages occasioned by the unlawful use of the pistol "whether such bond is so conditioned or not". "The statute, *ex proprio vigore,* becomes an added condition to such bond." *Town of Lester* v. *Trail,* 85 W. Va. 386, 390, 101 S. E. 732. Accord: *Hatfield* v. *Wyatt,* 99 W. Va. 604, 130 S. E. 129.

The ruling of the circuit court is therefore reversed.

*Reversed.*