STATE OF WEST VIRGINIA *which sues for the use of* LEO JAMES BROWN *v.* GEORGE O. SPANGLER *et al.*

(No. 8664)

Submitted March 22, 1938.   Decided April 5, 1938.

*Wm. MacDonald,* for plaintiff in error.

*R. A. Welch* and *H. R. Athey,* for defendant in error.

RILEY, JUDGE:

This action in debt was brought in the name of the State of West Virginia for the use and benefit of Leo James Brown (hereinafter designated as plaintiff) against George O. Spangler, principal, and the Fidelity and Casualty Company of New York, surety, on a bond for the faithful performance, by the principal, of his duties as town sergeant of the town of Ridgeley. To a judgment for plaintiff in the amount of $1,000.00, based upon a jury verdict, the surety prosecutes error.

The declaration alleges, among other things, that Spangler was appointed and qualified as chief of police and town sergeant of the town of Ridgeley; that he gave a bond, in the amount of $3,500.00, with the Fidelity & Casualty Company of New York as surety, for the faithful performance of such duties as may be imposed upon him by law, and the accounting for all money which may come into his hands; that by virtue of Code 1931, 61-7-5, the bond, being in the amount of $3,500.00, was further conditioned that Spangler and his surety would be liable for damages which may be caused by the former in the unlawful use of a pistol carried by him as such police officer of the town of Ridgeley; that Spangler, during his term of office and while the bond was in force and effect, unlawfully assaulted the plaintiff, Leo James Brown, with his pistol, in that by aid of the unlawful use of said pistol, he arrested the plaintiff and compelled the latter to accompany him to the jail in Cumberland, Maryland, where plaintiff was confined for a long period of time; that by said unlawful use of a pistol, Spangler did intimidate the plaintiff and by fear cause him to submit to an illegal arrest and imprisonment; and that plaintiff was humiliated and disgraced, caused to suffer mental agony and lowered in the respect and estimation of his fellow man.

The surety company interposed a demurrer to the declaration, assigning a number of general grounds in support thereof. It is apparent from a careful reading of the declaration and the demurrer that the demurrer is bottomed in chief on the fact that the action was brought by the State for the use and benefit of Leo James Brown, whereas, the covenant of the bond reads that the said Spangler and surety "are held and firmly bound unto The State of West Virginia, for the use of the town of Ridgeley." The trial court overruled the demurrer. The surety company then moved for a bill of particulars, and in response to the motion, the plaintiff filed what purports to be a bill of particulars, which, in fact, is a reiteration of the allegations of the declaration.

On January 6, 1936, the defendant, George E. Spangler, then the town sergeant and chief of police of the town of Ridgeley, went to plaintiff's home in the town, and without a warrant, entered the same, arrested the plaintiff and took him to Cumberland, Maryland, where he was held for a period of twenty-two hours before being released. Spangler justified his action on the ground that the Cumberland police directed him to make the arrest, though the record discloses that the arrest was not made pursuant to any proceeding had against the plaintiff and without any warrant having been issued, either by the West Virginia authorities or those of the city of Cumberland. The evidence is in conflict as to how the arrest was made. Plaintiff and his witnesses say that Spangler entered the house through the kitchen door and commanded plaintiff to come with him; that, upon the command being refused, without any threatening action on plaintiff's part, Spangler drew his pistol, pointed it at plaintiff and by the threat thereof caused the latter to submit to arrest. On the other hand, Spangler testified that when he asked plaintiff to come with him, plaintiff picked up a coal shovel, threatened to strike witness with it, and witness did not draw his pistol until confronted by plaintiff's threatening action. The evidence, on behalf of the plaintiff, is to the effect that there was no coal shovel in the house, and that Spangler's testimony as to plaintiff's resort to a coal shovel in resistance of arrest was without verity. There is also a conflict as to whether or not at the time of the arrest Spangler was intoxicated. The constable who accompanied Spangler to plaintiff's residence, and other witnesses, testified that Spangler was drunk, and competent evidence was likewise introduced, which, taken by itself, would indicate that Spangler was sober. Be that as it may, the conflict in the evidence in this case may be brushed safely aside with the statement, which we think sound under all the circumstances, that it was solved by the jury verdict in plaintiff's favor.

We are persuaded that the solution in this case, both

on the rulings of the court on the demurrer and the motion to set aside the verdict, to a large extent, centers upon the question as to whether or not this action, inasmuch as the bond reads in the name of the State of West Virginia for the use of the town of Ridgeley, should have been brought in the name of the town, as contended for by counsel for the surety company, or whether it was properly brought in the name of the State of West Virginia for the use of the plaintiff. The bond, being conditioned for the faithful performance by Spangler of his official duties, and the accounting for all money which may come into his hands, is, in every sense of the word, an official bond. Code, 6-2-3. That being so, and being in the penalty of not less than $3,500.00, under Code 61-7-5, it covers "the damages done by the unlawful or careless use of" such dangerous weapon as Spangler was then authorized to carry, whether so conditioned or not. As said by this court in *Town of Lester* v. *Trail,* 85 W. Va. 386, 390, 101 S. E. 732, 733, cited with approval in *Town of Mabscott* v. *Saunders,* 114 W. Va. 196, 171 S. E. 410, "The statute, *ex proprio vigore,* becomes an added condition to such bond." Accord: *Hatfield, Sheriff, ex rel. Justice* v. *Wyatt,* 99 W. Va. 604, 130 S. E. 129, in which a declaration was held good on a demurrer, in an action brought by the sheriff of McDowell County on the relation of a relator, injured by the unlawful use of a pistol, on a bond payable to the sheriff. The defendant surety company cites *State ex rel. McDermott, Admr., etc.,* v. *U. S. Fidelity & Guaranty Company,* 85 W. Va. 720, 102 S. E. 683, to the effect that an action will not lie in the name of the State of West Virginia for the use of a person injured by the unlawful use of a deadly weapon by an officer of a municipality on a bond payable to the municipality. Clearly, this case is good law. It simply holds that an action cannot be brought on a bond by a person other than the obligee. However, it does not sustain counsel's contention. In the instant case, the bond is payable to the State of West Virginia for the use of the town of Ridgeley. Under the clear wording of this bond,

the state and not the town of Ridgeley is the obligee. Therefore, by no stretch of the imagination is the town of Ridgeley, as contended for by counsel, the proper plaintiff. The words, "for the use of the town of Ridgeley", at most, are inapt. They constitute nothing more or less than surplusage. They never should have been inserted in the bond in the first instance, but having been inserted, they are meaningless. The original purpose, which undoubtedly prompted the defendant surety company to enter into the bond, was the protection of persons from damage caused by the unlawful use of a deadly weapon in the hands of the principal, Spangler. Under no condition could it be said that there was any intention to protect the town of Ridgeley, for a municipal corporation is not liable for the negligent or wrongful activities of its police officers. Protection against wrongdoing on Spangler's part, under the law prevailing in this jurisdiction, would be a vain and useless thing. 19 R. C. L., Municipal Corp., sec. 399, p. 1119; *Bartlett* v. *Columbus,* 101 Ga. 300, 28 S. E. 599, 44 L. R. A. 795; *Calwell* v. *Boone,* 51 Ia. 687, 2 N. W. 614, 33 Am. Rep. 154; *New Orleans* v. *Kerr,* 50 La. Ann. 413, 414, 23 So. 384, 69 Am. St. Rep. 442; *Lawton* v. *Harkins,* 34 Okla. 545, 126 Pac. 727, 42 L. R. A. (N. S.) 69, and note; 6 McQuillin, Municipal Corp. (2d Ed.), sec. 2591; 4 Dillon, Municipal Corp. (5th Ed.), sec. 1656. It follows, the words, "for the use of the town of Ridgeley", in addition to being meaningless, serve no useful purpose. Clearly, they should be ignored, and the State of West Virginia held to be the obligee on the bond for the use of any person or persons who may be damaged by a violation of the condition of the bond by Spangler in the unlawful and illegal use of the weapon which he was authorized to carry by virtue of the bond itself.

In this state an officer with authority to conserve the peace, may, without a warrant, arrest any person who he, upon reasonable grounds, believes has committed a felony, though it afterwards appears that no felony was actually perpetrated. *Allen* v. *Lopinsky,* 81 W. Va. 13,

94 S. E. 369. Such is the general rule. *Carroll* v. *U. S.*, 267 U. S. 132, 67 L. Ed. 543, 45 Sup. Ct. 280, 39 A. L. R. 790; 4 Am. Jur. 18, 19; Vorhees on Arrest (2d Ed.), sec. 130. However, where the offense is a misdemeanor, such arrest may not be made without a warrant, except in cases where the offense was committed or attempted in such officer's presence. *State* v. *Long*, 88 W. Va. 669, 108 S. E. 279; *State* v. *Lutz*, 85 W. Va. 330, 101 S. E. 434; *Allen* v. *Lopinsky*, *supra;* 4 Am. Jur. 19, 20, 21. The foregoing rules generally obtain, where not changed by statute, as to fugitives from justice from another state or country. *Williams* v. *Commonwealth*, 142 Va. 667, 128 S. E. 572; Beale's Criminal Pleading and Practice, sec. 24; *State* v. *Taylor*, 70 Vt. 1, 39 Atl. 447, 42 L. R. A. 673, 67 Am. St. Rep. 648. We regard the last-mentioned rule as sustained by ample authority, and sound, notwithstanding the second point of the syllabus of *George* v. *Norfolk Railway Co.*, 78 W. Va. 345, 88 S. E. 1036, to the effect that an offense committed in one state does not justify an arrest of the perpetrator thereof in another state, otherwise than upon a warrant for his arrest as a fugitive from justice, which point is overruled to the extent that it applies to an arrest for a felony, when such arrest is based upon reasonable grounds.

In view of the foregoing principles, did Spangler have reasonable ground to believe that a felony had been committed? The evidence on this issue is very meager. Spangler says "I was asked by the Cumberland authorities to pick up Mr. Leo Brown and William Rowe and bring them to Cumberland for questioning." He also testified that he informed Brown "I have been asked to pick you up for questioning in connection with the American Store robbery in Cumberland." And on cross-examination, this witness stated: "I told Mr. Brown and Rowe both they were under suspicion in Maryland for a robbery and they were wanted for questioning by the Maryland authorities." Defendants' counsel asked Spangler the bald and leading question: "Who gave you the information these people were wanted for burglary

of the American Store?" To which witness replied: "City detective Cubbage, of Cumberland." This question was without proper basis and has, together with the answer, no evidentiary value. In fact, no official or police officer of the city of Cumberland was called as a witness to show that the plaintiff was arrested for a felony at the request of an officer of said city. The Mr. Cubbage who, Spangler claims, made the request was not called as a witness. So we are left to the foregoing testimony to determine whether Spangler had reasonable grounds for the arrest. As we read the evidence, it is not sufficient to show that Spangler had reasonable grounds to believe that the plaintiff Brown had committed a felony.

The surety company's counsel assigns as error improper remarks by plaintiff's attorney made in the presence of the jury. In counsel's brief, reliance seems to be had only upon a remark claimed to have been made by one of plaintiff's counsel in his opening argument that the surety company "made its living by going on bonds" and should be made to make them good, and a remark made in the closing argument to the effect that "it was the surety company they were after" and that they "did not care for Spangler, because he didn't have anything." Whether these remarks were made does not appear of record. The only suggestion to that effect was contained in the motion of counsel for a mistrial. Not being a part of the record, they, of course, are not entitled to consideration. In addition, counsel cannot take advantage of the claimed error for the reason that the motion for a mistrial was not promptly made, and for the further reason that the surety company is a party defendant, and its liability is involved in the instant case, so that, to that extent, these remarks are not analogous to the introduction of evidence or the remarks of counsel in damage cases to the effect that the defendant has insurance. In the latter class of cases, such matters are foreign to the issue, and clearly prejudicial. In the instant case, the remarks, even if improper, are within the scope of the record, and do not constitute prejudicial error.

The surety company assigns as error the giving of plaintiff's instructions Nos. 1, 2, 3, 4 and 6, and the refusal of defendants' instructions A and Nos. 1, 2, 3, 5 and 7. It would be unprofitable to review in detail all the instructions given and refused. Suffice it is to say that the instructions offered by both sides, which were given, properly presented to the jury plaintiff's and defendants' respective theories of the case. Clearly, the refusal of defendants' instructions was not erroneous. Instruction A was for a directed verdict; No. 1, to the effect that damages must be proved and not presumed, whereas, the plaintiff clearly proved the damages suffered by him; No. 2, to the effect that if Spangler's conduct was indiscreet, such should be considered in mitigation of damages, whereas, the evidence shows that Spangler, having made a false arrest, without warrant, was not merely indiscreet, but was acting beyond his authority and legal rights; and No. 3, to the effect that the plaintiff has the burden of proving the loss he suffered and the amount, whereas, having been arrested falsely, he, without doubt, suffered damages, the amount of which was to be fixed by the jury, and could not be particularized by the plaintiff in dollars and cents. The two remaining instructions are likewise without evidence to support them, No. 5 being premised upon the surrender by plaintiff without protest, a happening which did not occur, according to the evidence on both sides; and No. 7, upon the erroneous assumption that there was evidence tending to show that Spangler had reasonable ground to suspect that plaintiff had committed a felony.

The objection to the bill of particulars is not well taken. True, it reiterates the material allegations of the declaration. However, the declaration clearly alleges the wrongful actions upon which the plaintiff relies. The damages incurred are necessarily of an indefinite nature, and the amount and items thereof could not be furnished. Therefore, the bill of particulars, setting forth, as it does, the material facts upon which the plaintiff relied, is

sufficient, and the trial court did not err in refusing to require a more detailed bill of particulars.

The foregoing, we think, disposes of all the assignments of error which have any basis for consideration. From a careful review of all the assignments in conjunction with the record, we entertain the opinion that the trial court did not err, and therefore, the judgment should be affirmed.

*Affirmed.*