Walter Howard **HARRIS**, Petitioner,

v.

Ira M. **COINER**, Warden of the West Virginia State Penitentiary, Respondent.

Civ. A. No. 70-63-E.

United States District Court,
N. D. West Virginia,
Feb. 9, 1971.

Chauncey H. Browning, Jr., Atty. Gen. of West Virginia, Charleston, W. Va., for respondent.

MAXWELL, District Judge.

## MEMORANDUM ORDER

Petitioner, Walter Howard Harris, presently is incarcerated in the West Virginia Penitentiary at Moundsville, West Virginia. His indeterminate sentence of not less than one year nor more than ten years was imposed upon him on June 6, 1969, by the Intermediate Court of Kanawha County following a jury verdict of guilty of grand larceny.

After exhausting direct appellate procedures, Petitioner sought post-conviction relief in the Circuit Court of Marshall County and the West Virginia Supreme Court of Appeals. Pursuant to 28 U.S.C. § 2241 et seq., Petitioner has filed a petition for federal habeas corpus relief in this Court alleging: (1) that there was no probable cause for his arrest, (2) that due to an illegal restraint and search by a private individual Petitioner was arrested without a warrant, (3) that he was denied a trial transcript and (4) that he was denied a state remedy when the state courts failed to grant him an evidentiary hearing in connection with his state habeas corpus petition. Furthermore, in the second amendment to his petition, Petitioner avers that he was illegally searched by city policemen.

From an examination of the petition and the two amendments thereto, it is apparent that in the initial allegation Petitioner attacks the sufficiency of the evidence upon which he was convicted. In essence, Petitioner contends that his conviction was based on circumstantial evidence only.

■ When the sufficiency of the evidence is questioned in a federal habeas corpus petition, the scope of review by a federal court is limited to a determination of whether *any* evidence on the matter was presented at the state trial. Holloway v. Cox, 437 F.2d 412 (4th Cir. 1971); Riffle v. King, 302 F.Supp. 992 (N.D.W.Va.1969). An inspection of Petitioner's brief in support of his state petition for a writ of error, which is included in Respondent's answer, clearly reveals that evidence as to Petitioner's commission of the offense was presented to the jury. This Court should not inquire further. Petitioner's claim must fail.

■ Since the contention raised by Petitioner in his amendment is factually and conceptually related to his second contention, they will be considered together for purposes of this determination. Petitioner contends that the actions of the owner of a combination restaurant-pool room in stopping Petitioner, forcing him to enter the establishment and making him empty his pockets violated his constitutional rights. Petitioner also complains that the police, in responding to the proprietor's call, conducted an illegal search of Petitioner's person and arrested him without a warrant.

■ While the right to be free from unreasonable searches and seizures is jealously guarded by the courts, it is recognized that the Fourth Amendment's prohibition applies only to public officials and not to private individuals. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921); Low v. United States, 391 F.2d 61 (9th Cir. 1968), cert. denied, 393 U.S. 849, 89 S.Ct. 136, 21 L.Ed.2d 119 (1968); United States v. McGuire, 381 F.2d 306 (2d Cir. 1967), cert. denied, 389 U.S. 1053, 88 S.Ct. 800, 19 L.Ed.2d 848 (1968). Likewise, certain warrantless searches and arrests by police are permitted. As summarized by the Fourth Circuit Court of Appeals:

The law of West Virginia which is to be applied (United States v. Gearhart [4 Cir., 326 F.2d 412], supra) validates an arrest, without a warrant, if the arresting officer has probable cause to believe that a felony had been committed. City of McMechen ex rel. Willey v. Fidelity & Cas. Co. of N. Y., 145 W.Va. 660, 116 S.E.2d 388

(1960); State v. McCauley, 130 W.Va. 401, 43 S.E.2d 454; State ex rel. for Use of Brown v. Spangler, 120 W.Va. 72, 197 S.E. 360 (1938). And West Virginia, having a constitutional guarantee against "unreasonable searches," phrased like the Fourth Amendment, follows the federal rule, which permits reasonable searches as an incident to a valid arrest. State v. Taft, 144 W.Va. 704, 110 S.E.2d 727 (1959); State v. Bruner, 143 W.Va. 755, 105 S.E.2d 140 (1958); State v. Andrews, 91 W.Va. 720, 114 S.E. 257 (1922). See also, Harman v. United States, 210 F.2d 58 (4 Cir. 1954).

Morris v. Boles, 386 F.2d 395, 398 (4th Cir. 1967), cert. denied *sub nom.*, Morris v. Coiner, 390 U.S. 1043, 88 S.Ct. 1640, 20 L.Ed.2d 304 (1968). Thus, Petitioner's claims that his rights were violated by the acts of both a private individual and police officers are without merit.

■ The third contention raised by Petitioner, denial of trial transcript, is contradicted by an exhibit filed with his federal habeas petition. This exhibit, a copy of a letter from Petitioner's trial attorney to Petitioner, clearly discloses that the attorney had a trial transcript for appeal purposes. This is all that is required. An indigent state court defendant is not entitled to a personal copy of the transcript merely for the purpose of discovering errors in his trial. Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 n. 4 (4th Cir. 1969).

Finally, Petitioner asserts that the denial of his habeas corpus petition by the State of West Virginia without requiring an evidentiary hearing was a deprivation of his constitutional rights.

In 1967, West Virginia's legislature enacted a new post-conviction habeas corpus statute, W.Va. Code §§ 53–4A–1–11 (Michie 1969 Cum. Supp.). The Court of Appeals for the Fourth Circuit, in Sheftic v. Boles, 377 F.2d 423, 426 (4th Cir. 1967), recognized that the article appears to afford adequate post-conviction remedies to prisoners. W.Va. Code § 53–4A–3(a) (Michie 1969 Cum. Supp.) provides that if the petition and the documentary evidence

> show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall by order entered of record refuse to grant a writ * * *.

Only if it appears to the court "that there is probable cause to believe that the petitioner may be entitled to some relief * * *" will an answer be required and a writ issued. *Id.* See also W.Va. Code § 53–4A–7(a) (Michie 1969 Cum.Supp.).

■ The Court is of the opinion that the West Virginia courts, in denying relief summarily, nevertheless fully complied with the requirements of the West Virginia post-conviction habeas corpus statute and applicable federal constitutional standards.

For the reasons above stated, it is adjudged and ordered that Petitioner's claims for federal habeas corpus relief be, and the same are hereby denied, and the petition herein is dismissed and retired from the docket of this Court.

If Petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within 30 days from the date of entry of this order, pursuant to Rule 4 of the Rules of Appellate Procedure. The notice of appeal should also include a request for a certificate of probable cause which is required for an appeal by 28 U.S.C.A. § 2253. These papers should be submitted in duplicate.