Pettibone, J.,
delivered the opinion of the Court.
Wilkins & Co., the plaintiffs in the Court below, declared against,the defendants-in debt, on a single bill obligatory. The declaration set out, that on, &c., at, &c., the said John McKnight, and Thomas Brady, and Thomas McKnight, made their single bill obligatory, sealed with the seal of the said John McKnight and Thomas Brady, and the seal of the said Thomas McKnight, &c. There was a demurrer to the declaration. At a subsequent term, the demurrer was overruled, and leave given to plead instanter. And thereupon the defendants come and crave oyer of the said supposed single hill obligatory in the declaration mentioned. The plaintiffs disregarded the prayer of oyer, and took their judgment at the same term by nil dicit. The-first point submitted to the Court is, that the said supposed writing obligatory does not appear to be the deed of the said John McKnight and Thomas Brady. The rule of law attempted to be applied here is, that one co-partner cannot bind another by deed, unless expressly authorized so to do. There is no doubt of the correctness of that rule, hut there is no foundation in fact for its application to this case. The declaration is admitted to he true. It states that the defendants made their single hill obligatory; this would import a sealing hy all of them. What follows is not repugnant : “ sealed with the seal of the said John McKnight and Thomas Brady,” must either mean that they both sealed it as a joint act, or that it was the several act of each; in either of which cases it would be the deed of -both, because both have assented to it and have executed it. The reason why one co-partner cannot bind the firm by deed, is, not that they cannot jointly seal, but because there is no such, power given to one of the co-partners, by the general terms of a co-partnership 5 and, therefore, the assent of the other co-partners to the act eannot be implied. But if, by the articles of co-partnership, power is given to the parties to bind each other by deed, the sealing of one becomes the sealing of all, because they all assent to the act. This is mentioned to show that there may be a joint sealing. In this, case we are to consider, from the declaration, that John McKnight and Thomas Brady not only assented to the act of sealing, but that they both performed the act of sealing^ either jointly or severally j either of which would be good to bind them.
The other point is, that after oyer was craved, the plaintiffs could not take judgment until the prayer of oyer was disposed of.
It is a well settled rule of practice in the English Courts, that oyer cannot be craved after the first term, or after the rule for pleading has expired. The reason is, *221 that the deed is not supposed to he in Court after that time. Here the defendants had once pleaded to the declaration, without demanding oyer. The plaintiffs, of course, had a right to take their deed out of Court, and it was too late after that to demand oyer. Where oyer is not rightly demanded, the plaintiff may treat it as a nullity, ancj take his judgment.
Judgment must he affirmed, with interest on the same since the rendition of the same in the Court below, £)nd two per cent, damages, together with posts.