# CHARLESTON.

TOWN OF LESTER, FOR USE OF CLARK RICHARDSON *v.* MARION TRAIL *et als.*

Submitted January 14. 1920.   Decided January 20. 1920.

1. MUNICIPAL CORPORATIONS—*Police Officer Liable on Official Bonds for Injuries From Unlawful or Careless Use of a Weapon.*

   The sergeant of a town, incorporated under chapter 47, Code of W. Va., who has given bond in the penalty of not less than thirty-five hundred dollars, and his sureties thereon are liable, by virtue of section 7, ch. 148 of the Code, as amended by ch. 51, Acts 1909, for an injury occasioned by the unlawful or careless use by such sergeant of a pistol carried about his person, regardless of whether or not he was, at the time of such injury, engaged in the discharge of his official duty.   (p. 387).

2. WEAPONS—*Right of Town Sergeant to Carry Weapon Without Obtaining a License—State Officer.*

   Such town sergeant is a state officer, within the corporate limits of his town, within the meaning of section 7, ch. 148, Code 1916, and has the right to carry about his person a pistol, within his jurisdiction, without obtaining a special license so to do, provided his official bond is in the penalty of not less than $3,500.00.   (p. 389).

3. MUNICIPAL CORPORATIONS—*Suit in Name of the Municipality on Bond of Town Sergeant for Injury From Careless Use of Weapon.*

   The bond of a town sergeant is, by section 35, ch. 47 of the Code, made payable to the municipality, and any person in-

jured by a breach of any of its conditions, express or implied, may sue thereon in the name of such municipality.   (p. 390).

Certified Questions from Circuit Court, Raleigh County.

Action by the Town of Lester, for the use of Clark Richardson, against Marion Trail and others.  Demurrer to declaration sustained, and the sufficiency of the declaration certified.

*Reversed, and demurrer overruled.*

*John M. Anderson,* for plaintiff.

*C. M. Ward, A. P. Farley,* and *J. Q. Hutchinson,* for defendants.

WILLIAMS, PRESIDENT:

The Town of Lester. which sues for the use and benefit of Clark Richardson brought this action against Marion Trail and others, sureties on his official bond as sergeant of said Town of Lester to recover damages for personal injuries to said Clark Richardson.  A demurrer to the declaration was sustained and the question of the sufficiency of the declaration to make out a cause of action on said official bond has been certified to this court.

The declaration avers the due and regular appointment of said Marion Trail as sergeant of the Town of Lester on the fourth of February, 1918; that on the following day he executed before the council of said town an official bond with the defendants, Bertha Trail, Q. T. Brown, Albert Davis, A. P. Farley and I. F. Snuffer as his sureties thereon in the penalty of $3,500.00, which was approved by the council of said town and that said Trail entered upon the discharge of his duties as sergeant.  The bond was made payable to the Town of Lester and conditioned as follows:

"That the said Marion Trail will faithfully discharge the duties of his said office as sergeant of the said Town of Lester and account for and pay over as required by law and the lawful ordinances of said town, all moneys which may come into his hands by virtue of his said office, then this obligation shall be void, otherwise to be in full force and effect."

The declaration alleges that on the twenty-first dy of April, 1918, the said Marion Trail, within the jurisdiction of said town and under and by virtue of his said office of sergeant there-

of, did unlawfully pretend to arrest the said Clark Richardson and did then and there without just or legal excuse therefor unlawfully, wantonly, wilfully, and maliciously make an assault upon the said Clark Richardson, and did beat, bruise, wound and illtreat him, and while so acting under and by virtue of the color of his said office did shoot the said Clark Richardson with a pistol which he, the said Marion Trail, was carrying about his person; that by reason thereof the said Clark Richardson was rendered lame, sick and disordered and so remained for a long time; and was thereby forced to expend large sums of money in and about effecting his cure to-wit: The sum of Six Hundred (600.00) dollars, to the damage of the said Clark Richardson of $3,500.00. The declaration further avers that section 7, ch. 148 of the Code, which makes unlawful the carrying of a pistol without a state license therefor and provides for the giving of a bond by the applicant for such license with good security, supplies certain conditions in the official bond of the said Marion Trail, not therein expressed, and makes him and his sureties liable for an injury caused by the unlawful or careless use of a pistol by him. The statute, in part, is as follows:

"Provided, further, that nothing herein contained shall be so construed as to prohibit regularly elected sheriffs, their regularly appointed deputies, who collect taxes in each county, and all regularly elected constables in their respective counties and districts, and all regularly appointed police officers of their respective cities, towns or villages, from carrying such weapons as they are now authorized by law to carry, who shall have given bond in the penalty of not less than thirty-five hundred dollars, conditioned for the faithful performance of their respective duties, which said officers shall be liable upon their said official bond, for the damages done by the unlawful or careless use of any such weapon, whether such bond is so conditioned or not".

It will be noted that this provision applies to such police officers of cities, towns and villages as were, at the time of the passage of said law, authorized to carry a pistol and who shall have given bond in the penalty of not less than thirty-five hundred dollars, and in such case makes such officers liable, on their

official bond, "for the damages done by the unlawful or careless use of any such weapon, whether such bond is so conditioned or not."

In this case, the sergeant's official bond being in the penalty of thirty-five hundred dollars, the statute makes him and the sureties on his official bond liable for an injury resulting from the unlawful or careless use of his pistol, if he is such officer as had the right, at the time of the passage of section 7, ch. 148, amending the pistol carrying statute.

Was he such officer? The Town of Lester was incorporated under the general statute, chapter 47 of the Code, and section 35 of that chapter, defining the powers and duties of the sergeant, invests him with "all the powers, rights and privileges within the corporate limits of such city, town or village in regard to the arrest of persons, the collection of claims, and the execution and return of process that can be legally exercised by the constable of a district within the same, and he shall be entitled to the same compensation therefor, and he and his sureties shall be liable to all the fines, penalties and forfeitures that a constable of a district is liable to, for any failure or dereliction in said office, to be recovered in the same manner and in the same courts that the said fines, penalties and forfeitures are now recovered against such constable."

It was not a violation of the common law to carry a pistol about one's person, it is only made so by statute. The statute, prior to its amendment in 1909, when provision was first made for obtaining a license to carry a pistol, did not apply to officers charged with the execution of the laws of the state. But it is argued that the sergeant of a city, town or village is not a state officer. This contention cannot be sustained. Section 35, ch. 47 of the Code clothes the sergeant of a town or city with the same "powers, rights and privileges," within the territorial limits of his town or city, as are possessed and enjoyed by a constable within his district, and there can be no question that a constable is a state officer, hence it follows that a sergeant of a town incorporated under ch. 47 of the Code is also a state officer, charged with the duty of executing the state law within the corporate limits of the town of which he is sergeant and, therefore, such an officer as was entitled to carry a pistol

at the time section 7, ch. 148 was amended. Sergeant Trail having given official bond with security approved by the town council in the penalty of thirty-five hundred dollars, all the conditions required by section 7, ch. 148 as amended, are met, making him and his sureties on his official bond liable for damages done by the unlawful or careless use of a pistol by him, even though such a condition is not expressed in his official bond. The statute, *ex proprio vigore,* becomes an added condition to such bond. Such being a condition of his official bond, it is immaterial whether he was engaged in the discharge of his official duty at the time plaintiff was injured by the alleged unlawful discharge of his pistol, or not, although the declaration does aver that he was then acting under color of his office.

It is urged that there is no authority in law for the maintenance of this suit in the name of the municipality, for the benefit of said Richardson. This point is without merit. Official bonds are conditioned upon the faithful performance of their duties by public officers, and are given and intended for the benefit of the public, and any person, who is injured by the failure of such officer to comply with the conditions of his bond, may sue thereon in the name of the obligee named therein. By executing such a bond the obligor makes the obligee a trustee for any and all persons who are injuriously affected by the breach of its conditions. Murfee on Official Bonds, section 475; 1 Dillon Mun. Corp. (5th Ed.) section 396. Section 5, ch. 10 of the Code provides that the bond of an officer of a municipal corporation may be made payable either to the State or to the municipality, and section 35 of ch. 47 expressly provides that the sergeant's official bond shall be made payable to the municipality, hence the injured party may sue in the name of the municipality.

We therefore reverse the ruling of the circuit court, overrule the demurrer and direct the clerk to certify our decision back to the circuit court.

*Reversed and demurrer overruled.*