# CHARLESTON.

State *ex rel.* T. J. McDermott, *Administrator, etc.* v. United

States Fidelity & Guaranty Company, *et als.*

Submitted March 2, 1920.   Decided March 9, 1920.

Municipal Corporations—*Action on Bond of Police Officer for Carrying Weapons Must be Maintained in the Name of the Municipality.*

An action on a bond executed by a municipal police officer for carrying weapons, conditioned as prescribed by section 7 of chapter 148 of the Code, in which the municipality, not the State, is made the obligee, can not be brought or maintained in the name of the State, but must be brought in the name of the municipality, obligee, as plaintiff, the common-law rule applicable not having been modified or abrogated by statute. If brought in the name of the state, a demurrer to the declaration should be sustained.

Error to Circuit Court, Summers County.

Action by the State, on the relation of T. J. McDermott, administrator of J. L. Spicer, deceased, against the United States Fidelity & Guaranty Company and others.   Demurrer to declaration overruled, and defendants bring error.

*Reversed, demurrer sustained and cause remanded.*

T. N. Read, for plaintiffs in error.
R. F. Dunlap, for defendant in error.

Miller, Judge:

This was an action of covenant upon a bond with collateral conditions, executed by the defendant Wickline, principal, and the United States Fidelity & Guaranty Company, a Corporation, surety, wherein they acknowledged themselves to be "held and bound unto the City of Hinton, a municipal corporation, in the

just and full sum of Thirty-five Hundred Dollars ($3500.00) to which payment well and truly to be made to the City of Hinton, W. Va.", they bound themselves, their heirs, executors and administrators jointly and severally firmly thereby.

The condition recited in the bond is as follows:

"The condition of the above obligation is such that whereas the above bound M. N. Wickline has this day been appointed Police Officer of the City of Hinton, W. Va., for a term ending on the 31 day of December, 1918, and desiring the right to carry a pistol, revolver and billy; he files this his bond in the penalty of Thirty-five Hundred Dollars, conditioned according to law which license is coextensive with this State.

"Now, Therefore, if the above named M. N. Wickline will not carry the said weapon except in accordance with his application and as authorized by law, and will pay all costs and damages to anyone by the accidental discharge, or improper negligent or illegal use of said weapons, then this obligation to be void; otherwise to remain in full force and virtue."

The declaration, which sets out said bond in full, avers a breach of the covenant therein, and as the result thereof the killing of J. L. Spicer by the said Wickline, while he was and continued to be a police officer of said city, laying the damages sustained at ten thousand dollars.

Though the bond was made payable to the City of Hinton, the suit was brought in the name of the State of West Virginia for the use and benefit of T. J. McDermott, administrator of Spicer. One of the grounds of demurrer to the declaration, overruled by the trial court, and renewed here as one of the grounds for reversal, is that the suit can not be maintained in the name of the State of West Virginia, not a party to the bond, but that under the law it could only be brought and maintained in the name of the City of Hinton, the obligee named therein. If this point of error is well founded, it must result in the reversal of the judgment, and a remanding of the case, with leave to plaintiff to amend, if so advised and amendment is available, and if not, a dismissal of the suit.

Section 7 of chapter 148, Barnes' Code 1918, relating to the carrying of weapons generally, excepts from the prohibition of the statute among other officers "all regularly appointed police

officers of their respective cities, towns or villages, from carrying such weapons as they are now authorized by law to carry, who shall have given bond in the penalty of not less than thirty-five hundred dollars, conditioned for the faithful performance of their respective duties, which said officers shall be liable upon their said official bond, for the damages done by the unlawful or careless use of any such weapon, whether such bond is so conditioned or not."

Whether Wickline ever gave any bond as such police officer other than the one sued on in this case, is not averred, nor is the fact one of any importance in the disposition of the case on demurrer. If he had given a general bond as such officer, conditioned as the law prescribes, as we recently decided, the statute just referred to would write into it, in addition to the general condition prescribed, the condition relating to the carrying of deadly weapons, and give action thereon in favor of anyone injured by a breach thereof, the same as if such condition was actually written in the bond. *Town of Lester* v. *Trail,* 85 W. Va. 386, 101 S. E. 732.

In the case at bar we have a bond with the condition relating to the carrying of weapons generally written into it. But being made payable to the City of Hinton, can this action thereon in the name of the State, though for the use of the estate of the deceased, be maintained? We decided in *Town of Lester* v. *Trail, supra,* where the bond was the regular official bond of the officer, that the action might be and was properly brought in the name of the municipality, the obligee named in the bond. Citing authorities for this proposition, we said in that case that by executing their bond so payable the obligors thereby made the obligee, in that case the municipality, trustee for any and all parties who might be injuriously affected by the breach of its conditions. It is thought by counsel for plaintiff that this case establishes a new principle of law in this state. But an examination of the authorities cited there, and other authorities, it seems to us, simply affirms a well recognized principle of the common law, that an action on such a contract, in the absence of statute, can only be maintained in the name of some one in privity with the obligors. Such is the rule laid down in Murfree on Official Bonds, §475. But counsel say in reply that the com-

mon-law rule has been changed by chapter 10 of our Code, relating to official bonds. Section 5 of that chapter, among other things, does provide that, "any bond to be given by an officer of a municipal corporation, county or district, or which may lawfully be prescribed by the ordinances, by-laws or regulations thereof, may be made payable to the State as aforesaid, or to the said municipal corporation, county or district." The contention is that a municipal police officer is a State officer, and as regular official bonds may by statute be made payable to the State or municipality, suit or action thereon may by force of the statute be maintained thereon at the pleasure of any party interested, in the name of the State or municipality. This argument is further predicated on the theory that a municipality is merely a state agency, and this being so, action on such a bond, though payable to the municipality, may nevertheless be brought and maintained in the name of the State regardless of the obligee named in the bond. We do not think this proposition finds proper basis in the law of contracts. It is conceded that it can find no support in the common law, and we find none in the statutes justifying the contention. Section 1 of said chapter 10 provides that: "Every bond required by law to be taken or approved by, or given before, any court, board or officer, shall unless otherwise provided, be made payable to the State of West Virginia," etc. And section 2 of said chapter authorizes suits to be brought on any such bond in the name of the State for the benefit of the State or of any county, district or corporation or person injured by a breach of the condition of any such bond, etc. But section 3 thereof says that the proceedings in any such suit must show for whose benefit it is prosecuted, etc. When we come to section 5, however, relating to bonds of municipal officers, it authorizes such bonds to be made payable either to the State or to the municipal corporation. If to the State, of course, on principles of the common law, the suit would have to run in the name of the State; if to the municipal corporation, upon what principles of the common law or statute can one interested elect an obligee other than the one the parties have chosen? The municipality is a separate and distinct entity from the State; it has an existence with capacity to sue independently of the State; and the parties may elect as

their trustee either the State or the municipality; if the State, suit must be in its name; if the municipality, it is the latter that must maintain suit on the bond, not some other person. In *Hunter et al.* v. *The Commissioners of Mercer County,* 10 Ohio State, 515, it was decided that an action on the bond of a county treasurer payable to the State, could not be maintained in the name of the County Commissioners, not named as obligees, but only in the name of the State. The several provisions of the statute cited and relied on as modifying the common law, the court held did not in fact do so, nor give right of action to the plaintiffs. In *Albertson* v. *The State,* 9 Neb., 429, the action was in the name of the State on the official bond of Albertson, county treasurer, payable as the statute required, to the county. In support of the judgment below the attorney general relied on a statute which declared it to be "the duty of the auditor to direct prosecutions in the name of the state for all official delinquencies in relation to the assessment, collection and payment of the revenue, against all persons who by any means became possessed of public money or property due or belonging to the state, and fail to pay or deliver the same, and against all debtors of the state." The court, citing and relying on *Hunter* v. *Commissioners, supra,* construing similar statutes in Ohio, and referring to the common-law rule that an action on a bond can only be maintained in the name of the obligee, says: "If this provision stood alone, it would possibly be sufficient to authorize a suit to be instituted in the name of the state." But referring to other provisions of the statute, particularly to section 101 of the revenue law, the court concluded that statute controlling and as authorizing suit by the county clerk only in the name of the obligee in the bond, and held that the common-law rule had not been changed or abridged by statute. In *Town of LeGrange* v. *Sylvanus S. Chapman and others,* 11 Mich. 499 the bond of a township treasurer was made payable to the People of the State of Michigan instead of the township as required by law, and it was held in accordance with the principles laid down in the Ohio and Nebraska cases that suit could not be brought in the name of the township, and that the failure of the bond to comply with the statute could not be aided by averment

and proof. And see on the same subject 15 Enc. Pl. & Prac.
107; 29 Cyc. 1463.

As we have found nothing in our statutes justifying a different holding, we conclude both upon reason and authority that the present suit can not be maintained in the name of the State, but should have been brought in the name of the City of Hinton, the obligee in the bond, and that for the error therein the demurrer to the declaration should have been sustained. We therefore reverse the judgment, sustain the demurrer to the declaration, and remand the cause to the circuit court with leave to plaintiff to amend, if so advised, and for further proceedings in accordance with the principles herein enunciated.

*Reversed, demurrer sustained and cause remanded.*