# CHARLESTON.

COUNTY COURT OF BROOKE COUNTY v. UNITED STATES FIDELITY & GUARANTY COMPANY.

SAME v. MACK MANUFACTURING COMPANY.

Submitted January 12, 1921. Decided January 25, 1921.

1. CORPORATIONS—*Bookkeeper or Clerk in Charge Held "Agent" for Service of Process.*

A bookkeeper or clerk of a corporation, in charge of its principal office or place of business in a particular county, and subject to the duties and responsibilities normally incident to that position, is an "agent" within the meaning of section 34, chapter 50, Code 1918, upon whom process against the corporation may be served, under the conditions prescribed by the statute. (p. 508).

2.    Same—*Test of Agency for Service of Process Stated.*

The test of agency within the meaning of the statute is, whether the nature of the agent's employment is such that it may reasonably be supposed that notice will through him reach the corporation.    (p. 508).

3.    Same—*In Serving Agents, Return Need Not Recite Absence of Other Designated Representative Within State.*

Where process is served upon an agent of a corporation pursuant to the provisions of section 34, chapter 50, Code 1918, it is unnecessary for the return to recite that there was not, "within the state," any other designated representative of the company upon whom service could be had. (509).

4.    Same—*Return of Service Upon Agent, While Defective, Held Subject to Amendment.*

A return of service upon an agent of a corporation, reciting the absence from the county of the company's "attorney in fact," but omitting the phrase, "to accept service of process," or its equivalent, is defective in that it fails to designate for what purpose he is attorney, and to distinguish him from attorneys in fact for other purposes. But the return may be amended to correct this defect. (p. 510).

5.    Pleading—*Oyer of Bond Declared on Cannot be Craved After First Term Succeeding Final Proceeding at Rules, or After Pleading or rule to Plead.*

According to the settled common law rule of practice in force and effect in this state, the same not having been abrogated or altered by statute, oyer of a bond declared on cannot be craved after the first term succeeding the final proceeding at rules, or after defendant has pleaded, or a rule to plead has expired, as thereafter the bond presumably is not in court.    (p. 512).

6.    Same—*Oyer Must Precede Defensive Matter.*

Oyer must precede defensive matter, whether it be by plea or demurrer. (p. 512).

7.    Highways—*Indemnity Bond Covering Paving Brick Held Not An "Official Bond" Required to be Made Payable to State.*

Where the only object of an indemnity bond is the guaranty of faithful performance of a contract of the principal obligor with a county court to furnish the latter a specific grade and quantity of county road paving brick for public use, the instrument is not an official bond within the meaning of chapter 10 of the Code, and therefore need not be made payable

to the state as obligee, but may be taken in the corporate name of such county court. (p. 513).

8.  SAME—*County Court May Sue for Breach of Indemnity Bond Covering Paving Brick, Although Executed to State as Obligee.*

    If such bond be executed to the state as obligee, the county court nevertheless may, in its corporate name, maintain an action to recover for a breach of the conditions specified in the bond. (p. 514).

9.  SAME—*Averments Necessary in Suit by County Court on Bond Payable to State Covering County Contract.*

    In an action by the county court in its own name upon such bond, nominally payable to the state, but whose real purpose is to secure faithful performance of a contract in which the county court alone is interested, the declaration should in effect aver that the defendants bound themselves to the plaintiff by and under the name and designation of the State of West Virginia. (p. 514).

10. PLEADING—*When Declaration by County Court on Indemnity Bond Running to State May Be Amended Stated.*

    And where the declaration does not contain such averments, it may be amended either by a new declaration or by an additional count so framed as to supply the omission. (p. 514).

Separate suits by the County Court of Brooke County against the United States Fidelity & Guaranty Company and against the Mack Manufacturing Company. Judgment for plaintiff, and cases certified to Supreme Court.

*Reversed in part.     Affirmed in part.*

*Ramsey & Wilkin* and *Erskine, Palmer & Curl,* for plaintiff.
*W. G. Caldwell* and *Frank W. Nesbitt,* for defendants.

LYNCH, JUDGE:

These two cases are actions upon the same instrument—a joint and several penal bond with collateral condition, executed by defendants, Mack Manufacturing Company and United States Fidelity & Guaranty Company of Baltimore, Maryland, as principal and surety, respectively, to guarantee faithful performance by them of a contract to furnish paving bricks for the permanent improvement of designated public roads in Brooke County. In both cases the county court of Brooke County is plaintiff,

and the purpose of each is to enforce the penalty of the bond.    A determination of the four questions certified by the circuit court of Hancock County in case No. 130 will be decisive of the two certified by the circuit court of Brooke County in case No. 122, the latter being identical in form and substance with two of the former.

According to the certificate of the circuit court of Hancock County, the questions certified in case No. 130 are:

"(1)    That, as appears from said returns (sheriff's returns showing services of summons), there was no valid service of either said original summons or of the said summons to answer an amended declaration, which would give to the said circuit court jurisdiction to render any judgment against the said defendant.

(2)    That plaintiff is entitled to entry of judgment.

(3)    That there is a fatal variance between the declaration and the amended declaration and the instrument sued on.

(4)    That the plaintiff has no cause of action against the defendant, because said suit should have been brought in the name of the State of West Virginia on the bond read upon craver of oyer."

Questions 3 and 4 are the ones common to both cases.    The first question certified challenges the sufficiency of the returns showing service of the original summons and that to answer the amended declaration.    As they are substantially similar, a discussion of the latter will suffice.    It reads:

"In the absence from Hancock County, West Virginia, of S. G. Gaillard, the attorney in fact of the within named corporation, I executed the within and hereto annexed writ within Hancock County, West Virginia, this 22nd day of February, 1919, as to the said Mack Manufacturing Company, a corporation, by delivering a true copy thereof to Emil Stephens, being then and there the bookkeeper or clerk of said corporation, and being then and there in charge of the principal office of business of said corporation, in the City of New Cumberland in said Hancock County, West Virginia, and said Emil Stephens being a resident of the City of New Cumberland in said county and state at the time of said service; there being, when such service was made, no attorney of record and fact or other person in

said county upon whom service might be had for and on behalf of said corporation;" which return the proper officer duly signed.

The chief ground of challenge of the sufficiency of the return is that Emil Stephens, upon whom service was had, was, as shown by the return, a mere "bookkeeper or clerk," and not one of the persons designated by law to receive service on behalf of a corporation.

The closing sentence of section 6, ch. 41, Code 1918, provides that "service of process, when person or property is not to be taken into custody, or it is not otherwise specially provided, shall be subject to the regulations contained in the several sections from 32 to 39, inclusive, of chapter 50 of this Code."

Section 34 of chapter 50 authorizes service of process against a corporation (1) upon the president, cashier, treasurer, or chief officer thereof; (2) if there be no such officer, or if he be absent, upon any officer, director, trustee or agent of the corporation, at its principal office or place of business, or in any county in which a director or other officer, or any agent of said corporation may reside; (3) upon any officer or agent of said corporation in the county in which the property, land, or other thing in controversy may be, or in any county where the cause of action arose.

Is a bookkeeper or clerk of a corporation, in charge of its principal office or place of business in the county where service was had, an "agent" within the meaning of the section referred to? It is the evident purpose of the statute to require that service of process against a corporation be had upon its president or other high official where that is reasonably possible. But it makes express provision for a situation where service upon such an officer is impossible. The term, "any agent," is of wide application and embraces within its scope many classes of persons. *N. & W. R. Co.* v. *Cottrell,* 83 Va., 512; 4 Fletcher, Cyclopedia Corporations, § 3000. The purpose of the Legislature undoubtedly was to obviate or avoid many of the difficulties and obstructions which frequently attend service upon corporations. As to the possible extent of the term "agent," and whether it includes all minor employees of every grade, we express no opinion at this time. There may be some who, under

certain circumstances, could not properly be classed as agents within the meaning of the statute. But the return here in question discloses an additional and important characteristic of the bookkeeper or clerk upon whom service was had, namely, that he was "then and there in charge of the principal office of business of said corporation, in the City of New Cumberland in said Hancock County." One who is thus left in charge and control of the principal office of a corporation is thereby vested by the company with certain responsibilities and duties, and within certain limits represents the company. At least, his position as bookkeeper or clerk, coupled with the fact that he was in charge of the principal office of the corporation in that county, render him, in our opinion, an "agent" within the meaning of section 34, ch. 50, Code 1918. The purpose of the service of process is to give notice to the corporation of the pendency of an action against it, and the evident intent of the Legislature in enacting the statute was to broaden the list of those acting for and in behalf of the corporation through whom such notice could be imparted to it. Hence it would seem to follow that the test of agency within the meaning of the statute is whether the nature of the agent's employment is such that it may reasonably be supposed that notice will through him reach the corporation. 4 Fletcher, Cyclopodia Corporations, § 3000. A bookkeeper or clerk in charge of the principal office of a corporation in a particular county, and subject to the duties and responsibilities which normally are incident to that position, is such an agent as may reasonably be expected to notify the corporate officers of the suit.

But defendant contends that even if Emil Stephens be regarded as an agent within the meaning of the statute, yet service upon him is not valid, because the returns fail to recite that there was not, "within the state," any other person designated by statute upon whom service could be had. The returns merely state that there was not "in said county" any such person. In support of this contention defendant relies on section 7, ch. 124, Code 1918. The first part of that section provides for service of process against a corporation (1) upon its president or other chief officer, or any person appointed pursuant to law to accept

service of process for it; (2) in case of his absence from' the county, upon the secretary, cashier, or treasurer; (3) if there be no such officer, or if he be absent, upon a member of the board of trustees, directors, or visitors. The section concludes as follows: "If there be not within the state any other person on whom there can be service as aforesaid, service on a director, agent (including, in the case of a railroad company, a depot or station agent in actual employment of the company), or other officer of the corporation against which the case is, shall be sufficient." Because of this provision, it is argued that service can be had upon an agent of the corporation only when no one of the above designated representatives is within the state, and that the return, to be valid, must disclose such fact.

To show the applicability of this section to the case now before us, and the inapplicability of section 34, ch. 50, defendant cites the closing sentence of section 6, ch. 41, heretofore quoted, which makes the provisions of sections 32-39, ch. 50, applicable only "when person or property is not to be taken into custody, or it is not otherwise specially provided." Defendant argues that inasmuch as section 6, ch. 41, was enacted in 1881, and section 7, ch. 124, in 1882, the latter is a special provision within the meaning of the former, and therefore renders inapplicable section 34, ch. 50. Section 7, ch. 124, however, is a general, not a special, provision, and hence does not render inapplicable the provisions of chapter 50. Section 34, ch. 50, and section 7, ch. 124, therefore are *in pari materia* and process against a corporation may be served pursuant to the provisions of either statute. No requirement of the former, under which service was had in this case, renders authority to make service upon an agent of a corporation conditional upon the absence from the state of other designated representatives of the company. Hence in this respect the return is valid.

Defendant challenges its validity upon yet a third ground, namely, its alleged failure to recite the county in which service was had. But the certified transcript of the record now before us discloses no such omission, hence we shall not consider it.

However, in another respect the return is defective. In the recitals noting the absence from Hancock County of S. G.

87 W. Va.

Gaillard, the company's attorney in fact, the return omits, after the words, "attorney in fact," the phrase, "to accept service of process," or its equivalent. Such additional recital is necessary in order to designate for what purpose he is attorney, and to distinguish him from attorneys in fact for other purposes. *Adkins v. Globe Fire Ins. Co.,* 45 W. Va. 384. The return, however, may be amended to correct this defect.

The second question certified is dependent upon our answer to questions 3 and 4. They will be consolidated and discussed together.

Points 3 and 4 in substance constitute but one question, namely, whether the actions on the bond should have been brought in the name of the State of West Virginia, or in the name of the county court of Brooke County only. Except as to parties defendant, caption and form of action, the pleadings are substantially similar, and an examination and discussion of one will suffice for the other. Speaking in general terms, but one objection is urged in support of the demurrer, and that goes to the right of the plaintiff to sue in its corporate name to enforce payment of a bond executed jointly and severally by defendants in the name of the State of West Virginia, the obligee; the ostensible and sole purpose being to indemnify plaintiff for the alleged breach of the contract for the delivery of paving bricks entered into by and between the plaintiff and defendant Mack Manufacturing Company.

The bond is of course a sealed instrument, and while profert thereof was made in the declarations, that did not necessarily introduce it into the record of each action (*Riley* v. *Yost,* 58 W. Va. 213); but defendants craved oyer, and as the bond was produced and read pursuant to that demand, it in effect became a part of the record, unless the demand came too late. The exercise of the right to demur to a pleading in order to take advantage of a variance between the bond, when so produced, and the description of it in the pleading, must, plaintiff insists, follow, not precede, as in these cases it did, the demand for the production of the instrument declared on. Whether orderly procedure requires such precedence it is not necessary to decide in the action brought by plaintiff in the circuit

court of Brooke County, case No. 122, for the double reason that plaintiff, as appears from the order entered in the action March 5, 1920, did not object to the demand for oyer of the writing obligatory, but on the contrary agreed "that upon the submission of the demurrer heretofore interposed to the said declaration and each count thereof, the said writing obligatory should be considered as before the court in connection with the said declaration as though the said oyer had been before the said demurrer was interposed;" and upon this agreement the demurrer was submitted and sustained. This consent in effect waived the irregularity, if any there was.

This agreement, however, appears only in the Brooke County action.   In the Hancock County action there was no such waiver.   In fact plaintiff objected to the demand for the production of the writing, probably because defendant had theretofore entered the demurrer to the declaration, and had not moved and did not move for leave to withdraw it, and it was not withdrawn.   The order filing the demurrer bears date June 16, 1919, while oyer was not craved until November 6th of that year.   Notwithstanding the objection, the court, having overruled it, treated the bond as if it were incorporated with or as part of the declaration, and held the latter insufficient solely because, as the court evidently held, plaintiff could not in its corporate capacity prosecute the action, it not being the obligee in the bond.

Thus there is presented the novel procedural question whether oyer of a sealed instrument can rightly be demanded at any time after a demurrer or plea is tendered or filed.   This question must be answered according to the procedure prescribed at common law, there being no abrogation, modification or alteration of the common law rule in that respect by any statute of this state.   Under the title, "Time to Demand," the author of the chapter on Pleading, found in 31 Cyc, says, at page 553: "It is the settled rule of practice at common law that oyer cannot be craved after the first term or after the rule for pleading has expired, since the deed is not supposed to be in court after that time; but it is demandable at any period before the time for pleading is out, although that has been extended, unless the order except the right to demand oyer.   Oyer must precede the matter of defense, whether that be by plea or de-

murrer, and regularly it should precede the entry of imparlance"—the equivalent of a continuance. Not only is the text supported by the cases the author cites, among others being *Dufau* v. *Wright,* 25 Wend. (N. Y.) 636, and *McKnight* v. *Wilkins,* 1 Mo. 308, but also by 16 Enc. Pl. & Pr. 1089, and *Wymark's Case,* 77 Eng. Rep. (Reprint) 165. The rule laid down in the excerpt taken from Cyc is in part the language of the court in *McKnight* v. *Wilkins,* cited. There the demand for oyer followed action upon a general demurrer to the declaration, the court sustaining it as sufficient. Disregarding the prayer for oyer, plaintiffs moved for judgment, and this motion the court sustained and entered jugment accordingly, saying: "It is a well settled rule of practice in the English courts that oyer cannot be craved after the first term, or after the rule for pleading has expired. The reason is that the deed is not supposed to be in court after that time. Here the defendants had once pleaded to the declaration without demanding oyer. The plaintiffs, of course, had a right to take their deed out of court, and it was too late after that to demand oyer. Where oyer is not rightly demanded, the plaintiff may treat it as a nullity and take his judgment." Clearly, therefore, the demand for the production of the obligation came too late to avail defendant in the Hancock County case.

But even conceding the right of defendant to crave oyer for the purpose of the demurrer, after it was interposed but before action thereon by the court, it does not follow as a matter of course that plaintiff cannot maintain the action in its own name. Apparently plaintiff has the substantial, indeed, the sole beneficial interest in the bond. It was required and executed for plaintiff's protection. It was to indemnify plaintiff against the breach of the contract with Mack Manufacturing Company—a breach, if the averments of the declarations are proved, that occurred before plaintiff brought these actions. It has no semblance of similarity to a statutory official bond intended to afford an indemnity for casualties inflicted unlawfully by an officer upon any one or more persons or for loss due to his defalcation affecting the rights of one or several persons, who may sue thereon in the name of the state. Its only purpose is security against failure to furnish the character, quality, and

quantity of brick required by the terms of the contract, the only contract referred to and described in the pleadings. Properly the bond could have named plaintiff as the obligee, and if it had, no question as to the right of the plaintiff to predicate its action upon it could have arisen. Shall it be said, as by its order the circuit court of each county has said, that the actions cannot be maintained except in the name of the state? There is no such insurmountable obstacle as the holdings necessarily would imply.

As was noted above, this is not an official bond within the meaning of chapter 10 of the Code. Though section 1 of that chapter in general terms provides that "every bond required by law to be taken or approved by, or given before, any court, board or officer, shall, unless otherwise provided, be made payable to the State of West Virginia," yet the bond given in this case is not one so required to be taken. Sections 56a (16), 56a (24), 56a (27), and 56a (33), of chapter 43, Code 1916, in force when the bond in question was given, did not require bonds from those contracting to furnish materials for use in road construction or maintenance, but only from contractors who themselves undertook to perform all the work upon the roads, including the furnishing of materials, labor and superintendence. The defendant Mack · Manufacturing Company, who bound itself to furnish certain specified materials, was not a road improvement contractor within the meaning of these sections. Hence the decisions of this court requiring actions on the official bonds mentioned in chapter 10 to be maintained in the name of the obligee therein designated, for the use of the person injured by the obligor's defalcation or other wrongful action (*Moore* v. *Henry,* 76 W. Va. 271; *Town of Lester* v. *Trail,* 85 W. Va. 386; *State ex rel* v. *United States Fidelity & Guaranty Co.,* 85 W. Va. 720) do not govern and control this case.

This is an ordinary as distinguished from an official bond, wisely required by the county court out of an abundance of caution, to protect the county against just such default as has occurred. Though taken in the name of the state, the county is the sole beneficiary. All preliminary negotiations and dealings with regard to the execution of the contract and bond

were had between plaintiff and defendants exclusively.    The state was not represented and did not participate.    Its name, doubtless, was inserted as the obligee of the bond through an oversight.    The county court is the true and beneficial obligee.    No other person has or can have any interest in or derive benefit from the bond save plaintiff; not even the state.    The county court therefore properly may maintain the actions thereon in its own name.    But the declarations should be amended so as to show the purpose of the bond and the sole beneficial interest of plaintiff.    This may be done either by an amended declaration, or, if preferred, by an additional count containing such explanatory averments as will show the real purpose of its execution and the intended beneficiary.    When this is done, the variance relied on as the chief ground of demurrer will disappear, and with it the embarrassment, if any, consequent upon or incidental to the probable objection that may be urged when the bond is offered in evidence upon the trial of the actions.    This may be done to promote substantial justice pursuant to section 12, ch. 125, Code.

Thus are answered all the questions certified.    Our order will disapprove the rulings of the circuit courts in so far as they are inconsisent with the principles herein announced, and otherwise approve them, and grant leave to amend the return of service indorsed on the summons and the declarations in the particulars herein mentioned, and certify our conclusions to each of the two courts.

*Reversed in part.    Affirmed in part.*