### CITY OF BECKLEY v. MORAN et al.

### No. 3290.

Circuit Court of Appeals, Fourth Circuit.

Oct. 3, 1932.

D. M. Easley, of Bluefield, W. Va. (J. Powell Royall, of Tazewell, Va., and French, Easley, Easley & French, of Bluefield, W. Va., on the brief), for appellant.

W. W. Goldsmith, of Beckley, W. Va. (Ashton File and File, Goldsmith & Scherer, all of Beckley, W. Va., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and WATKINS, District Judge.

NORTHCOTT, Circuit Judge.

This is an action of covenant on a bond executed by the defendant Elwin Moran, as principal, and by the defendant Ætna Casualty & Surety Company, as surety, wherein the city of Beckley, a municipal corporation, which sues for the use and benefit of Rees T. Bowen, as plaintiff, seeks to recover from the defendants damages for a breach of the conditions of the bond. The action was brought in the District Court of the United States for the Southern District of West Virginia, at Bluefield. The learned judge below sustained a demurrer to the plaintiff's declaration, from which action this appeal was brought.

Moran was chief of police of the city of Beckley, in said district, and as such gave bond with defendant Ætna Casualty & Surety Company as surety. The obligee named in the bond was the city of Beckley, a municipal corporation. The penalty of the bond was $3,500. The conditions of the bond are as follows:

"The Condition of the above obligation is such that whereas, the said Elwin Moran was, on the 1st day of January, 1930, pursuant to law, appointed Chief of Police of the police force of said City by the Common Council thereof.

"Now, therefore, if the said Elwin Moran shall faithfully and impartially discharge the duties of his office as Chief of Police of the Police force of the City of Beckley, and shall account for and pay over all money which may come into his hands by virtue of his said appointment, then this bond shall be void, otherwise it shall remain in full force and effect."

The declaration avers that the conditions of the bond were broken by the unlawful arrest and imprisonment of Bowen, and that the arrest was made under the following circumstances: "That on or about the 25th day of August, 1931, the said Elwin Moran, in the said City of Beckley, while in the performance of his duty as chief of police of the police force of said city, so carelessly, recklessly and unlawfully mistreated and abused the said plaintiff, Rees T. Bowen, as to greatly injure, humiliate and damage the said plaintiff in this, that on said date about 10 o'clock at night said plaintiff was passing through said City of Beckley en route to Tazewell County, Virginia, from Detroit, Michigan, where he had been in order to bring a certain Dodge automobile from the factory at Detroit to the purchaser thereof who resided at Tazewell, Virginia, and who was then and there a duly authorized and acting dealer in Dodge automobiles, and which automobile had the tags or plates of the said dealer, being the usual dealer's tags or plates used in the State of Virginia by dealers in automobiles; that he got out of the said car on one of the streets of said city and in the presence of the said Elwin Moran, with a view of going into a restaurant, when he was accosted by the said Elwin Moran in said city who told him that he was chief of police of said city and did not and would not recognize said tags or plates on said automobile which was then standing in said City, and in the presence of the said Elwin Moran and that plaintiff had no right to use such tags or plates in said city or while passing through the same, and that he thereupon and thereby violated the ordinances and laws of said city and of the state of West Virginia and proceeded to and did arrest the plaintiff in said city at a late hour of said night, to-wit, about 10 o'clock, without a warrant or other process, and plaintiff was forcibly, by said chief of police, taken to the jail of said city and locked up and kept in said jail all of that night and until the next morning about 11 o'clock before he could obtain his release."

The declaration further alleges: "That at the time the plaintiff was arrested and imprisoned as aforesaid, he was not violating any law of the State of West Virginia, or any ordinance of the City of Beckley, but under the law of said State and the ordinances of said city, and particularly under a regulation or agreement entered into between the director of Motor Vehicles of Virginia and the registrar of Motor Vehicles of West Virginia, the representatives of said states, respectively, with power and authority under the laws thereof to enter into such an agreement, he had the right to pass along and use the roads of said state and the streets of said city, and that pursuant to said regulation or agreement there was issued to the aforesaid dealer the said tags or plates which were on said automobile at the time he was arrested and imprisoned."

The defendants filed separate written demurrers to the plaintiff's declaration.

It is contended on behalf of appellees that the action of the court below in sustaining the demurrer should be affirmed because:

First. The bond sued on was intended solely for the protection and benefit of the city of Beckley, a municipal corporation, in its governmental and corporate capacity, and Rees T. Bowen, a private individual and a citizen and resident of the state of Virginia, cannot maintain an action on said bond either in his own name or in the name of the city of Beckley for his use and benefit.

Second. That plaintiff, Bowen, was arrested without any warrant or other process, and that the declaration does not sufficiently aver facts showing the commission of an offense for which the police officer had the right to arrest without a warrant; that Moran, in making the arrest, did not, under the allegations of the declaration, act by virtue of his office or under color of his office; that at the time of the arrest the plaintiff (Bowen) was not violating any law of the state of West Virginia or any ordinance of the city of Beckley, and it was therefore impossible for the police officer to have honestly believed an offense was being committed in his presence, and that, the city of Beckley being an incorporated city having a population of more than two thousand five hundred persons, the statutes of West Virginia provide that no roads or streets of such a city can become state roads or be policed by state authorities, and that therefore Moran could not at the time of the arrest have been properly engaged in the performance of an official duty.

Third. That an action of covenant, that being the action brought here, cannot be maintained on the bond here sued on.

We cannot agree with any of these contentions. In considering them, an examination of the law as construed by the Supreme Court of Appeals of West Virginia is necessary.

■ In respect to official bonds of state officers, the law of the state where the official gives the bond will be followed by the federal courts. This rule would apply with equal force to the official bonds of municipal officers.

"It would be very unfortunate if the liability upon bonds required by the statutes of a state and covering its officers should be subject to one rule in the courts of that state and to another in the federal courts. Whether, ordinarily speaking, the construction and application of bonds is a matter of general law or not, we think that, in respect to official bonds on state officers, the law of the state should be followed by federal courts." Bassinger v. United States Fidelity & Guaranty Co. (C. C. A.) 58 F.(2d) 573, 574.

■ An examination of the authorities shows a conflict as between the laws of different states, as to the right of an individual to maintain an action upon the bond of a peace officer conditioned as was the bond here. In an annotation on page 73 of 19 A. L. R. will be found references to a number of decisions of the states on this question, and West Virginia is mentioned as one of the states where such an action may be maintained.

One of the earlier West Virginia decisions holding to this effect is Lucas v. Locke, 11 W. Va. 81.

Another West Virginia case on this question is State v. Mankin, 68 W. Va. 773, 70 S. E. 764, 765, where the action was on a constable's bond. There the court said: "The condition of the bond was that Stover should faithfully discharge the duties of the office of constable and account for and pay over all moneys that might come into his hands by virtue of his office. The sureties are liable for wrongful acts of their principal within the scope of this condition, as it has been judicially defined."

Again in Town of Lester v. Marion Trail et al., 85 W. Va. 386, 101 S. E. 732, 733, where the action was on the bond of the town sergeant of the town of Lester, the court said: "It is urged that there is no authority in law for the maintenance of this suit in the name of the municipality for the benefit of said Richardson. This point is without merit. Official bonds are conditioned upon the faithful performance of their duties by public officers, and are given and intended for the benefit of the public, and any person who is injured by the failure of such officer to comply with the conditions of his bond may sue thereon in the name of the obligee named therein. By executing such a bond the obligor makes the obligee a trustee for any and all persons who are injuriously affected by the breach of its conditions. Murfee on Official Bonds, § 475; 1 Dillon, Mun. Corp. (5th Ed.) § 396. Section 5, c. 10, of the Code provides that the bond of an officer of a municipal corporation may be made payable either to the state or to the municipality, and section 35 of chapter 47 expressly provides that the sergeant's official bond shall be made payable to the municipality; hence the injured party may sue in the name of the municipality."

In the syllabi of that case it is held:

"The sergeant of a town, incorporated under chapter 47, Code W. Va. (secs. 3282-2494), who has given bond in the penalty of not less than $3,500, and his sureties thereon, are liable by virtue of section 7, c. 148, of the Code (sec. 5291), as amended by chapter 51, Acts 1909, for an injury occasioned by the unlawful or careless use by such sergeant of a pistol carried about his person, regardless of whether or not he was, at the time of such injury, engaged in the discharge of his official duty.

"Such town sergeant is a 'state officer,' within the corporate limits of his town, within the meaning of section 7, c. 148, Code (sec. 5291), and has the right to carry about his person a pistol, within his jurisdiction, without obtaining a special license so to do, provided his official bond is in the penalty of not less than $3,500.

"The bond of a town sergeant is, by section 35, c. 47, of the Code (sec. 2421), made payable to the municipality, and any person injured by a breach of any of its conditions, express or implied, may sue thereon in the name of such municipality."

This principle was again affirmed in State ex rel. T. J. McDermott, Adm., v. United States Fidelity & Guaranty Co. et al., 85 W. Va. 720, 102 S. E. 683, though there it was held that the suit should have been brought in the name of the city of Hinton instead of in the name of the state.

It will therefore be seen that in West Virginia this suit was rightfully brought on the bond.

The rule in West Virginia seems to be in accord with the rule in the federal courts. In the case of Howard v. United States, 184 U. S. 676, 22 S. Ct. 543, 550, 46 L. Ed. 754, the court, after citing with approval the Maryland case of State, to Use of Mayor, etc., of Baltimore, v. Norwood, 12 Md. 177, uses this expression: "The rationale of official bonds is well expressed by the court in this case: 'The laws which provide for the execution of bonds similar to the one before us do not require them for the purpose of protecting the rights of the state alone. They are also designed to secure the faithful performance of official duties, in the discharge of which individuals and corporations have a deep interest, and, therefore, they should have the privilege of suing (on) such bonds for injuries sustained by them, through the negligence and malconduct of the officers.' The same author [Murfree on Official Bonds, Sec. 323]: 'Many bonds of a strictly official character are executed by persons in places of public trust, prescribed by statute, and made payable to the "state," "people," or "commonwealth," or else to the governor, president, or other chief officer, which are designed not only to secure public interests, but to redress wrongs to individuals,'" etc.

█ Appellees' second contention seems to be contrary to the holding of the West Virginia courts. In State v. Mankin, supra, the court said: "Under our statutes, conservators of the peace, including constables, may make arrests without warrants for offenses committed in their presence, but they have no authority, nor color of authority, to make arrests at all, otherwise than under warrants or for offenses committed in their presence. Though there is some conflict of authority as to the proposition, it seems clear that a defective warrant gives color of official action, just as a void deed gives color of title. On the same principle an act done in the presence of an officer, not amounting to an offense, but which he may honestly believe to be an offense, ought to give him color of authority to make an arrest."

The question is, not whether Bowen was engaged in the commission of an offense for which the officer could arrest him without a warrant, but whether the officer honestly believed Bowen to be engaged in the commission of such an offense. This is clearly and sufficiently set out in the declaration. Had Bowen actually been engaged in committing an offense when arrested and imprisoned, there would have been no liability on the bond. It is apparent from the declaration that defendant Moran was not aware of the reciprocal agreement between the states of West Virginia and Virginia permitting the use of the dealer's tags of either state in the other without contravening the law.

A discussion of this question will be found in 46 C. J. 1069, and 24 R. C. L. 961 and 965.

Had Bowen been engaged in the commission of an offense, it would have been the duty of the chief of police to arrest him. Chapter 8, art. 4, § 25, Code of W. Va. 1931, expressly authorizes the police of a municipality to arrest for the violation of the criminal laws of the state, and chapter 17, art. 8, § 27, makes the same requirement as to the enforcement of the state road law (chapter 17, art. 1, § 1 et seq.). It seems clear that Moran made the arrest, if not by virtue of his office, at least under color of his office, and in either event the bond would be liable. 11 C. J. 1225.

"An act done 'colore officii' is an act done, not only by an officer professing to act as such, but also under color of authority to act in and about the particular matter in connection with which it was done." State v. Mankin, supra.

█ The action was properly one of covenant under the West Virginia rules of pleading; that state being a common-law state.

"By the common law, an action of covenant is a concurrent remedy with debt on a single bond, or on a bond in which the conditions are secured by a penalty; in such an action, the breach of covenant would be the non-payment of the debt in the one case, in the other the non-payment of the penalty but the use of one remedy precludes a subsequent resort to the other." 9 C. J. 82.

"Covenant is the peculiar remedy for the non-performance of a contract under seal, where the damages are unliquidated and depend in amount on the opinion of the jury, in which case neither debt nor assumpsit can be maintained.

"It has been held in a late case that the sureties on an official bond are liable for the acts of the officer in the abuse of his authority in making an arrest and for his inhumane treatment of a prisoner after an arrest made, upon a bond conditioned for the faithful performance of his official duty.

"And it is held by our court (West Virginia) 'that a sheriff and his sureties are liable for the acts of such sheriff done colore officii. And it would seem on principle that if the act of the officer be a tort resulting in

242

damages to the injured party, which would depend in amount on the opinion of the jury, and it is sought to make the sureties on the bond liable, the action ought to be covenant. We do not see how debt could well be sustained.'" Hogg's Pleading and Forms, 44.

"The action of covenant lies for the recovery of damages for breach of a covenant, that is, a promise under seal, whether the damages are liquidated or unliquidated. When the damages are unliquidated it is the only proper form of action. * * *

"Whenever the defendant has executed and delivered a contract under seal, and has broken it, covenant is the *proper remedy. It may be maintained whether the covenant for the breach of which it is brought is express, or is to be implied by law from the terms of the deed, and whether it be for something that has been done in the past, or something in præsenti, or for the performance of something in the future.

"The damages sought to be recovered need not necessarily be unliquidated. If they are liquidated, so that debt will lie, the plaintiff may nevertheless bring covenant instead, for the remedies (in such case) are concurrent; but if the sum, the payment of which is secured by a writing under seal, is unliquidated and uncertain in amount, covenant is the only remedy for its recovery. Indeed, since, as we have seen, assumpsit will not lie for breach of a contract under seal, it follows that covenant is the only remedy to recover unliquidated damages for the breach of a contract under seal." Shipman on Common Law Pleading (3d Ed.) p. 141. See, also, 15 C. J. 1188; 18 C. J. 4.

"Covenant * * * is the exclusive remedy * * * where the obligation is for the payment of an uncertain or unliquidated sum which can only be ascertained by a jury as damages. In other cases, debt is a concurrent remedy." 6 Standard Enc. of Procedure, 465; United States v. Brown, 24 Fed. Cas. page 1271, No. 14670.

In State v. McDermott, 85 W. Va. 720, 102 S. E. 683, the action was one of covenant, and that form of action was not disapproved by the court. The case of Supervisors of Jackson County v. Leonard et al., 16 W. Va. 470, relied on on behalf of appellees to support the contention that an action of covenant could not be maintained on the bond, involves a bond of an entirely different character, one given to guarantee the proper erection of a bridge. This case is also cited in 9 C. J. 82, note 8, as holding that either debt or covenant will lie even on the bond there involved.

The action of the judge below in sustaining the demurrer was erroneous, and the judgment is accordingly reversed.