STATE *ex rel.* BEN H. ASHWORTH, *Admr., etc. v.*
J. BEN BIBB *et al.*

(CC 482)

Submitted October 11, 1933.   Decided October 17, 1933.

*C. R. Harless* and *John Q. Hutchinson*, for plaintiff.
*Dillon, Mahan & Holt* and *Maxwell, Sayre & Bowers*, for defendants.

KENNA, JUDGE:

This action in debt was brought in the circuit court of Raleigh County by the administrator of Luther Honaker, deceased, against J. Ben Bibb, a constable of Fayette County, and the sureties upon his official bond. The assigned breach of the condition of the bond is the unlawful and careless use of a pistol on the part of the constable, resulting in the shooting and consequential death of plaintiff's decedent in Raleigh County, West Virginia. An original declaration in one count was filed, to which the defendant demurred and the demurrer was sustained. An amended declaration was thereupon filed, to which a demurrer was overruled. Thereupon the circuit court of Raleigh County certified to this court the questions arising upon both demurrers, that to the original and that to the amended declarations. We are to say whether the original declaration is sufficient upon demurrer to state a cause of action in the plaintiff and to respond to the same query as to the amended declaration.

The original declaration alleges that the defendant was duly elected a constable of Fayette County for a term beginning November 4, 1930, and ending December 31, 1932; that he duly qualified and gave bond as required by law in the penalty of $3500.00 with the defendants, C. A. Kincaid, N. K. Julian, and S. J. Jasper, Jr., as his sureties; that the bond was duly accepted by the county court of Fayette County, and that the defendant Bibb entered upon his duties on the 12th day of November, 1930, and continued to act as constable pursuant to such qualification until the bringing of this suit. The declaration sets out the bond in full and alleges the condition

imposed by chapter 61, article 7, section 5 of the Code of 1931, which makes the bond respond to any damages inflicted by the unlawful or careless use of a pistol or revolver by the constable. The declaration then proceeds to assign as a particular breach of the condition of the bond the fact that while acting as such constable on the 4th day of November, 1932, Bibb undertook to arrest Luther Honaker, claiming that Honaker had been guilty of a violation of the law in Fayette County, West Virginia; that he pursued Honaker while armed with a pistol and a revolver upon pretense of attempting to arrest him on such charge, and continued the pursuit from a point in Fayette County, West Virginia, to a point in Raleigh County, West Virginia; that he overtook Honaker in Raleigh County, West Virginia, and while so armed did feloniously, wilfully, deliberately, maliciously, unlawfully, negligently and carelessly with a pistol and revolver slay, kill and murder the said Honaker.

Upon the sufficiency of this declaration, many questions have been briefed having to do with the responsibility of law officers upon their official bonds. The authorities cited have been examined, but the issues before us appear to be much simpler than those therein dealt with.

It will be observed that while section 5, article 7, chapter 61 of the Code, expressly includes constables in their respective counties, and provides that, by virtue of the giving of their official bonds in the penalty of $3500.00, they are permitted, by virtue of the additional condition read into such bonds by the statute, to carry weapons in their respective counties, that when it comes to the prescribing of the penalty of the bond there is no territorial restriction. The language is: "which said officers shall be liable upon their said official bond, for the damages done by the unlawful or careless use of any such weapon or weapons, whether such bond is so conditioned or not." Under the statute, the giving of the bond is the means by which the officer giving it procures the sanction of the law for carrying a deadly weapon within the officer's county. But the officer's liability, and that of the sureties, for the unlawful or careless use of the weapon is not limited to the county. The purpose of the statute in imposing the additional condition upon his official bond is to see that the

public is protected against his unlawful use of that weapon. This court has heretofore held in the case of *Town of Lester* v. *Trail*, 85 W. Va. 386, 101 S. E. 732, that it makes no difference whether an officer, carrying a deadly weapon by reason of having complied with the provisions of this statute, if he uses it unlawfully, was, at the time, in the discharge of his official duties or not; he and his sureties are still liable upon the bond. The first point of the syllabus in that case is as follows:

> "The sergeant of a town, incorporated under chapter 47, Code of W. Va., who has given bond in the penalty of not less than thirty-five hundred dollars, and his sureties thereon are liable, by virtue of section 7, ch. 148 of the Code, as amended by ch. 51, Acts 1909, for an injury occasioned by the unlawful or careless use of such sergeant of a pistol carried about his person, *regardless of whether or not he was, at the time of such injury, engaged in the discharge of his official duty.*"

This would seem to dispose of the question here presented in the briefs as to whether this constable of Fayette County, having crossed the line into Raleigh County and there committed the alleged unlawful act, was acting in official capacity or under color of official capacity, or not. It would seem to make no difference. He got the weapon by virtue of the bond. The statute makes him responsible, with his sureties on the bond, for the unlawful and careless use of the weapon without territorial restrictions. We are not, therefore, deciding whether Bibb was acting under color of his office when he pursued Honaker into Raleigh County. We are deciding that the bond must respond without regard to this question, if his use of the weapon and the consequent death of plaintiff's decedent can be brought within the conditions of the bond as imposed by the statute.

In view of the foregoing, it follows that the circuit court should not have sustained the demurrer to the original declaration. Since the amended declaration contains all of the material averments of the original declaration, the action of the court in overruling the demurrer to it is sustained. The questions propounded will be so certified.

Complaint is made in defendants' brief that the unlawful and careless act of Bibb in shooting Honaker is not sufficiently alleged. The declaration alleges that Bibb shot Honaker with a deadly weapon, namely, a pistol or revolver. The allegation is that the act was done "feloniously, maliciously, unlawfully, deliberately, negligently and carelessly". The latter allegations are not alleged as conclusions of law but as ultimate facts. It is not necessary to allege in detail all of the circumstances which will be used at the trial in an attempt to show the existence of these ultimate facts. That would be the allegation of mere evidence. Of course, such facts have to be shown at the trial by evidence, but it is unnecessary to detail in the pleadings the evidence that will be relied upon. We do not regard it as necessary to cite authority on this proposition. Furthermore, the discharge of a pistol and injury of another thereby raises a presumption of negligence on the part of the person who, at the time, had possession and control of the weapon. *Charleston* v. *Dawson*, 90 W. Va. 150, 110 S. E. 551, pt. 1, Syl.

*Affirmed in part; reversed in part.*